UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -X

HOVSEP GREGORIAN,

                Plaintiff,

                                ORDER

   - against -

                                CV 2007-5210 (KAM)(MDG)

NEW YORK LIFE INSURANCE COMPANY,

                Defendant.

- - - - - - - - - - - - - - - - - - -X

    By letter application filed on September 22, 2008 (ct. doc. 22), Elise Bloom, counsel for defendant, seeks to strike plaintiff's expert report, which plaintiff served on September 19, 2008, three days after the deadline set by this Court. As Ms. Bloom accurately recounts, in granting the last extension, this Court noted that "[t]his is the second time that plaintiff has belatedly sought an extension of discovery" and warned that "[n]o further extensions will be granted absent exceptional cause." See electronic order dated July 30, 2008.

## DISCUSSION

    Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a discovery schedule "may be modified only for good cause and with the judge's consent." See Corkrey v. Internal Revenue Service, 192 F.R.D. 66, 67 (N.D.N.Y. 2000) (Rule 16(b)[1]

---

[1] This rule was modified and renumbered Rule 16(b)(4) as part of the general restyling of the Civil Rules which became effective December 1, 2007.

rather than Rule 6(b) governs requests to extend scheduling deadlines). To demonstrate good cause, a party seeking an extension must show that the relevant deadline could not reasonably be met despite that party's diligence. See Fed. R. Civ. P. 16, Advisory Committee Notes, Subdivision (b) (1983 Amendment); see also Grochowski v. Phoenix Const., 318 F.3d 80, 86 (2d Cir. 2003); AMW Material Testing, Inc. v. Town of Babylon, 215 F.R.D. 67, 71 (E.D.N.Y. 2003). As previously discussed, the Second Circuit has set forth the following four factors in considering whether preclusion of an expert report would be warranted: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Softel, Inc. v. Dragon Med. & Scientific Comm., Inc., 118 F.3d 955 (2d Cir. 1997); see also Wolak v. Spucci, 217 F.3d 157 (2d Cir. 2000); Arnold v. Krause, Inc., 233 F.R.D. 126, 129 (W.D.N.Y. 2005).

Plaintiff explains in his opposition and cross motion for an extension that he was unable to meet the September 16, 2008 deadline because his expert, who was engaged in a trial before Judge Weinstein, was unexpectedly required to prepare additional post-verdict reports. While plaintiff has forwarded credible explanation why his expert, Dr. Fred Goldman, could not complete

his report by the deadline set, he fails to explain why he did not seek an extension before September 16, 2008 for an expert report that this Court has previously recognized to be important to plaintiff's case.

Nonetheless, given the short delay involved and the "strong public policy" in favor of resolving disputes on the merits, it makes little sense not to grant what indeed will be the final extension to plaintiff for his expert report. Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 171 (2d Cir. 2001). Such a delay will have a negligible, if any, effect on the remainder of the discovery schedule in this case. Trial also cannot be scheduled until disposition of the plaintiff's motion to remand. Thus, there is no apparent prejudice to the defendant, but, should defendant need a short extension of time to serve its expert report and complete expert discovery, this Court will grant an appropriate extension. Under these circumstances, preclusion would be too drastic a sanction, particularly since defendant's purported diligence in moving for sanctions after receiving the report has contributed to this unnecessary round of motion practice. See Update Art, Inc. v. Modlin Publishing, Ltd., 843 F.2d 67, 71 (2d Cir. 1988) (preclusion is a harsh remedy that "should be imposed only in rare situations").

However, as a matter of orderly case administration, this Court finds that sanctions are warranted, since plaintiff has repeatedly ignored schedules set and belatedly sought an

extension for the third time, despite prior warnings. While plaintiff may be correct that defendant has attempted to use its superior resources to gain a tactical advantage by aggressively litigating this action, plaintiff's response of continually ignoring the scheduling order is not acceptable.

## CONCLUSION

For the reasons discussed, this Court grants defendant's motion for sanctions, but declines to order preclusion of plaintiff's expert report. Instead, plaintiff is sanctioned $150.00, payable to defendant by October 30, 2008. Plaintiff is warned that more drastic sanctions <u>will</u> be imposed should he fails to heed future deadlines or discovery obligations.

**SO ORDERED.**

Dated: Brooklyn, New York
October 14, 2008

/s/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE